## BEARD v. CHILDRESS.

1. A bill of sale in the following words—" Received of Thomas B. Childress, trustee of James Childress, Hubert Childress and Thomas Childress, children of the said Thomas B. Childress, the sum of thirteen hundred and fifty dollars in, full for two negro slaves named Sam, twenty-six years of age, and Frank, twenty-two years of age, which I warrant and defend against the claims of all persons whatsoever, and also warrant the said negroes to be sound and healthy, and free from all incumbrance,"—invests the father with the legal title to the slaves.

ERROR to the Circuit Court of Pickens.

Detinue for two slaves by the defendant against the plaintiff in error.

On the the trial of the cause the plaintiff, as the foundation of his title offered the following instrument:

Received, of Thomas B. Childress, trustee of James Childress, Hubert Childress, and Thomas Childress, children of the said Thomas B. Childress, the sum of thirteen hundred and fifty dollars, in full, for two negro slaves, named Sam, twenty-six years of age, and Frank, twenty two years of age, which I warrant and forever defend against the claims of any person whatsoever, and also warrant the said negroes to be sound

and healthy and free from all incumbrance whatsoever. Given under my hand and seal, 1st March, 1838.

JOHN BEARD, (*seal.*)

Which being the only evidence of title, was objected to by the defendant as insufficient for that purpose, but the Court overruled the objection and permitted the evidence to go to the jury, to which the defendant excepted.

The assignment of error questions the propriety of this decision.

ELLIS, for plaintiff in error.
CRABB & COCHRAN, contra.

ORMOND, J.—The instrument referred to in the bill of exceptions is exceedingly ambiguous, leaving it doubtful whether it was the intention of the parties to vest the legal title in the father or in the children.

We incline, however, to the opinion, that it was intended that the legal title should be in the father, as, otherwise, it is not probable that it would have been disclosed in the bill of sale that he was acting as the trustee of his children.

From this view it follows that the decision of the Court was correct, and its judgment is therefore affirmed.

COLLIER, C. J.—I concur in affirming the judgment of the Circuit Court, but am mainly influenced by other reasons than those expressed by my Brother Ormond. I felt it proper to make this declaration, but do not deem it necessary to make a particular expression of my views of the case.